CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058 Dennis Price, Esq., SBN 279082
Elliott Montgomery, Esq., SBN 279451
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
ELLIOTTM@POTTERHANDY.COM

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Daniel Lopez,**
  Plaintiff,
v.
**Sounnary Sak,** dba Royal Food Express ; and Does 1-10,
  Defendants.

**Case No.** 2:20-cv-00115-VAP-PJW

**Plaintiff's Case Statement**

Pursuant to this Court's "ADA Disability Access Litigation: Order Granting Application for Stay and Early Mediation," filed on June 19, 2020, the plaintiff submits his Plaintiff's Case Statement.

**A. Itemized List**

The specific conditions at the site that forms the basis of this lawsuit are the lack of accessible point of sale machines and dining surfaces at Royal Food Express ("Restaurant") located at 9125 Imperial Hwy., Downey, California.

1. Lack of Accessible Point of Sale Machines:





- ❖ When a business provides facilities such as point of sale machines, it must provide accessible point of sale machines. Here, the display screen was not visible from a viewpoint 40 inches above the floor.[1]
- ❖ Hence, accessible point of sale machines have not been provided.
- ❖ The above photo of the Restaurant depicts the violation.

2. Lack of Accessible Dining Surfaces:



- ❖ When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.[2]
- ❖ Here, the dining surfaces provided toe clearances of just 2-5 inches.
- ❖ The above photo of the Restaurant above depicts the violations.

---

[1] *2010 Standards § 707.7.1*
[2] *2010 Standards § 306.*

3

Plaintiff's Case Statement                                       2:20-cv-00115-VAP-PJW

*Note*: As stated in the Complaint, given the obvious violations, the plaintiff has alleged, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff intends to conduct a site inspection and amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection.[3] Any settlement must address remediation of the entire facility.

### B.   Amount of Damages

The United States District Court has declined to exercise supplemental jurisdiction on the Unruh Civil Rights Act claims. As such there are no damages presently included in the claim. However, Plaintiff reserves his right to appeal that decision once a final judgment is entered.

### C.   Demand for Settlement of Case

First, to provide for accessible point of sale machines and dining surfaces at the "Restaurant".

Second, enter into a court enforceable consent decree binding the defendants to: (1) institute policies and procedures whereby they maintain the property in a compliant state; (2) the defendants agree to obtain and deliver a CASp report on the property to the plaintiff (with photos) within 30 days that identifies all access barriers. Thereafter, the plaintiff will have 30 days to comment on the report. If the plaintiff notes other barriers, the plaintiff can make a demand that the defendants correct them. If the parties cannot reasonably agree on barrier correction within 10 days following plaintiff's demand, the plaintiff has the right to file a new action or refile the action in

---

[3] *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them)

state or federal court.

Lastly, to settle this matter globally at mediation, that Defendants pay to reasonable attorney's fees and costs as provided by both the ADA. The parties can resolve this between themselves, or agree to submit a motion to the court.

Any resolution would need to include Plaintiff's state law claims that have been dismissed by the court, or a release specifically excluding those claims.

Dated: June 30, 2020                    CENTER FOR DISABILITY ACCESS


By: */s/ Elliott Montgomery*
Elliott Montgomery, Esq.
Attorney for Plaintiff